CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 30 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY D. SAYERS, | ) |
| Petitioner, | ) Case No. 7:09CV00149 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA, | ) |
| | ) By: Glen E. Conrad |
| Respondent. | ) United States District Judge |

Petitioner Jerry D. Sayers, a Virginia inmate, has submitted a document to the court in which he states that he is appealing to this court from the United States Supreme Court's denial of his petition for a writ of certiorari. As petitioner is incarcerated and the first sentence of the submission seemed to indicate his intent to proceed with a case in this court, the clerk's office conditionally filed the document as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Upon consideration of the remainder of the submission, however, the court concludes that petitioner did not intend for this document to be filed as a new court action. Accordingly, the court will summarily dismiss the action without prejudice.

Petitioner states that certiorari was denied on April 20, 2009, and that he does not "know about the time limitations or the requirements and rules of the District Court to further my appeal process." He asks that additional information be sent to him at the prison and states that he hopes to file his "petition for appeal to the District Court" in the near future. He also states that he has written to the Supreme Court to have all documents from the case forwarded to this court.

The United States Supreme Court is the highest court in the federal judicial system, while this court is considered a "lower" (or trial) court. Hence, this court cannot address a litigant's appeal from a decision by the United States Supreme Court. Accordingly, the court has no jurisdiction to address the letter as an "appeal" from the Supreme Court's denial of certiorari.

An inmate who wishes to challenge the validity of his confinement pursuant to the judgment of a Virginia state court may ask this court to review his claims through habeas corpus proceedings pursuant to § 2254. Such an action is called a collateral attack rather than a direct appeal. Before proceeding with a habeas petition in federal court, however, the state inmate (the habeas petitioner) must first exhaust the post-conviction remedies available to him in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies as to each of his habeas claims, the federal court must dismiss the petition, pursuant to § 2254(b). Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of each claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. An inmate may present his claims to the Supreme Court of Virginia on direct appeal from a decision by the Court of Appeals of Virginia; in a habeas petition in the circuit court where he was convicted, with review of an adverse decision by the Supreme Court of Virginia; or in a habeas petition filed directly in the Supreme Court of Virginia. See Va. Code § 8.01-654(A)(1); § 17.1-411.

Petitioner simply does not provide enough information on which the court could construe and address his submission as a § 2254 petition. First, petitioner does not expressly say that he wishes

- 2 -

Case 7:09-cv-00149-GEC-mfu Document 2 Filed 04/30/09 Page 2 of 4 Pageid#: 5

to challenge the validity of his confinement. His case before the United States Supreme Court could conceivably have been a civil matter unrelated to his confinement.

Second, even assuming that he does wish to challenge the validity of his confinement under a state court judgment, he may not have exhausted state court remedies as required under § 2254(b). He may still have available state court remedies in the form of state habeas corpus proceedings. Certain types of claims, such as claims that defense counsel provided ineffective assistance, generally cannot be presented to the state courts except in habeas proceedings.

Third, petitioner does not indicate the court in which he was convicted or the year in which the judgment of conviction was entered. If the court that imposed his conviction is located east of Lynchburg, Virginia, petitioner should likely file his federal habeas petition in the United States District Court for the Eastern District of Virginia. Moreover, the date of conviction is necessary to determining whether any habeas claims under § 2254 would be timely under 28 U.S.C. § 2244(d)(1)(A).[1]

Fourth, petitioner's current submission cannot be addressed as a habeas petition because it makes no statement whatsoever of the specific habeas claims that petitioner wishes to pursue in this

---

[1] Under § 2244(d), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

court. As stated, he must first have exhausted state court remedies as to each such claim, or his § 2254 petition will be dismissed. Furthermore, because the document now before the court does not state any ground for relief, it could not commence a § 2254 action so as to stay the statute of limitations under § 2244(d).

For the stated reasons, the court concludes that petitioner's submission is intended only as correspondence to the court and was not intended to open any type of legal action or habeas proceeding at this time. Therefore, the court will dismiss the conditionally filed habeas action without prejudice, a disposition which leaves petitioner free to file a § 2254 petition at a later time without falling afoul of the rule in § 2244(b) barring successive petitions. The court shall also ask the clerk to forward to petitioner a form that he may use to set forth his § 2254 habeas claims and the other information necessary to prosecute such an action when he is ready to do so. An appropriate dismissal order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 30th day of April, 2009.

_____
United States District Judge